IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERRI ROBERSON                                                          PLAINTIFF

V.                                        NO. 12-2230

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Terri Roberson, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act). In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision. See

42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on March 8, 2007, alleging

disability since August 28, 2006, due to back injury and allergies. (Tr. 125-127, 133-135, 184,

188). An administrating hearing was held on September 16, 2008, at which Plaintiff appeared

with counsel and testified. (Tr. 13-63). On December 29, 2008, the ALJ issued an unfavorable

decision.  (Tr. 68-79).  Plaintiff then requested a review of the hearing decision by the Appeals

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

Council, which denied the request on November 24, 2010. (Tr. 1-3).  Plaintiff filed an action in the Western District of Arkansas, Roberson v. Astrue, Case No. 11-2020 (W.D. Ark.), and on October 17, 2011, United States Magistrate Judge James R. Marschewski entered a Report and Recommendation, which United States District Judge P. K. Holmes, III, adopted by Judgment dated December 8, 2011, reversing and remanding the matter and directing the Commissioner to allow the ALJ to reconsider the severity of Plaintiff's bipolar II disorder and PTSD, and to allow the ALJ to re-evaluate Plaintiff's RFC. Id. at, Doc. 14.  On January 26, 2012, the Appeal Council remanded the case to the ALJ in accordance with the Court's directive..  Another hearing was held before an ALJ in this matter on June 14, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 538- 566).

By written decision dated August 3, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - herniated nucleus pulposus L5-S1, degenerative disc disease T10-11, T11-12, and T12-C1, and mood disorder. (Tr. 521). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairments listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 522). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 29 CFR 404.1567(a) and 416.967(a) but she is limited to unskilled work involving simple tasks requiring only simple instructions.

(Tr. 523).  With the help of a vocational expert (VE), the ALJ determined Plaintiff was not capable of performing her past relevant work, but that there were other jobs Plaintiff would be able to perform, such as clerical positions - credit card call-out operator and photo copier

AO72A
(Rev. 8/82)

document preparer. (Tr. 530). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed briefs and this case is before the undersigned for report and recommendation. (Docs. 10-11).

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

-3-

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

## III.   Discussion:

The Court is troubled by the fact that after the matter was remanded to the ALJ, he did not obtain any additional consultative examinations or information regarding Plaintiff's physical or mental impairments. The most recent mental evaluation was conducted by Dr. Patricia Walz on September 24, 2008, and in Judge Marschewski's Report and Recommendation, he recommended the ALJ reconsider the severity of Plaintiff's diagnosed Bipolar Disorder and PTSD symptoms. The only basis the ALJ gave in his most recent decision for substantially discounting Dr. Walz's opinion was that he "did not find a basis for the severity of some of the limitations given and concurs with their assessments only in so far as they are consistent with

-4-

a limitation to unskilled sedentary work." (Tr. 529). The Court does not believe this is sufficient explanation for disregarding what the Court deems to be profound findings by Dr. Walz in 2008 relating to Plaintiff's extreme and marked limitations.

In addition, with respect to the ALJ's RFC, the ALJ had before him the prescription of Dr. George Howell, Plaintiff's treating physician, for a scooter for Plaintiff for walking, dated June 29, 2012, as well as a Physical RFC Evaluation prepared by Dr. Howell on July 6, 2012. In the evaluation, Dr. Howell opined that Plaintiff had general disability due to her body mass index secondary to her ovarian issues and obesity, and musculoskeletal disorder with chronic low back pain with limitations of functions and pain. (Tr. 856). Once again, the only basis the ALJ gave for substantially discounting Dr. Howell's opinion was that he "did not find a basis for the severity of some of the limitations given and concurs with their assessments only in so far as they are consistent with a limitation to unskilled sedentary work." (Tr. 529). In addition, the record contains the opinion of Dr. George H. Tompkins, who performed a Physical RFC Evaluation on September 9, 2008, who found that Plaintiff's pain would interfere with sustained work activity. (Tr. 504). The ALJ substantially discounted his opinion for the same reasons he discounted the opinions of Dr. Walz and Dr. Howell. The Court does not believe the reason given by the ALJ is specific enough or sufficient to warrant the little consideration the ALJ gave to these opinions.

The undersigned believes that in order for the ALJ to be able to make an informed decision, and in order to produce substantial evidence to support a finding of non-disability, the ALJ should obtain a more recent Mental RFC Assessment by an examining physician, and to give more specific reasons as to why he discounted the opinions of Plaintiff's treating and examining physicians regarding Plaintiff's physical impairments.

-5-

**IV.     Conclusion:**

Accordingly, the Court recommends that this matter be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 22nd day of October, 2013.


/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-6-